**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELMER JARED MORALES CAAL,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1828-KC** |
| | § | |
| **MICHAEL WATKINS,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered Elmer Jared Morales Caal's Petition for a Writ of Habeas Corpus, ECF No. 1, in which he argues that his detention is unlawful and asks the Court to order his release or a bond hearing.

Morales Caal filed a previous petition which this Court granted, but ultimately, an immigration judge found that he presented a flight risk and denied bond. *See* Final J., *Morales Caal v. Watkins*, No. 3:26-cv-1021-KC (W.D. Tex. Apr. 30, 2026), ECF No. 10.

Now, Morales Caal argues that the immigration judge did not meaningfully consider his individual circumstances, and that the length of his detention coupled with newly developed medical conditions, warrant a new bond hearing or release. Pet. ¶¶ 13–15, at 10–15.

But this Court "lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees or not with the IJ's determinations regarding Morales Caal's risk of flight or danger, it lacks the power to alter those determinations. Morales Caal may seek further relief through the appropriate immigration court channels.

To the extent Morales Caal brings any new claims, he is not subject to a final order of removal, which would trigger a reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any new claims at this time.

Accordingly, the Court **ORDERS** that Morales Caal's Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 8th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE